UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Admiralty

Case No.:

ACCELERANT SPECIALTY
INSURANCE COMPANY
HADRON SPECIALTY
INSURANCE COMPANY
PALOMAR EXCESS AND
SURPLUS LINES INSURANCE
COMPANY
TEXAS INSURANCE COMPANY
LLOYD'S SYNDICATES PER UMR
B0507G02400002

    Plaintiffs,

v.

DREAMLANDER TOURS USA LLC

    Defendant.                           /

**COMPLAINT FOR DECLARATORY JUDGMENT**

ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant"), HADRON SPECIALTY INSURANCE COMPANY ("Hadron"), PALOMAR EXCESS AND SURPLUS LINES INSURANCE COMPANY ("Palomar"), TEXAS INSURANCE COMPANY ("Texas Insurance"), and LLOYD'S SYNDICATES PER UMR B0507G02400002 ("Lloyds") (collectively "Insurers"),

pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby serve their Complaint for Declaratory Judgment upon Defendants, DREAMLANDER TOURS USA LLC ("Dreamlander"), and CAPITAL PREMIUM FINANCE ("Capital"), and as grounds therefor states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201.

2. Insurers designate this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract. Insurers invoke the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a forum-selection clause in the subject policy of insurance provides that disputes arising thereunder be heard in "the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides." Dreamlander's address is in Marco Island, Florida, in the Middle District of Florida, rendering the Middle District of Florida a contractually agreed-upon venue. All conditions precedent

to the filing of this action have occurred, been waived, or have otherwise been complied with.

4. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

5. At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

6. At all times material to this action, Hadron is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

7. At all times material to this action, Palomar is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arizona, with its office and principal place of business located in the State of California.

8. At all times material to this action, Texas Insurance is and was a licensed and admitted surplus lines insurer organized and existing under the

3

laws of the State of Texas, with its office and principal place of business located in the State of Nebraska.

9. At all times material to this action, Lloyds are organized and exist under the laws of the United Kingdom, with offices and principal places of business located in the United Kingdom.

10. At all times material to this action, Dreamlander is and was a limited liability company organized and existing under the laws of the State of Florida.

11. At all times material to this action, Capital, as a loss payee under the Policy at issue, is and was a corporation organized and existing under the laws of the State of Florida, with its office and principal place of business located in Dallas, Texas.

## FACTS COMMON TO ALL COUNTS

12. This matter arises out of a claim made by Dreamlander arising out of the sinking of one of its vessels, an Orion' 2021, 29' with Twin 2022 Suzuki 200HP, Hull Identification ALH27003J122 ("the Vessel"), on or about March 31, 2025 ("the Incident") and whether the claim is covered under a policy of insurance issued by Insurers to Dreamlander.

13. The Vessel is part of a fleet of 11 vessels under Master Policy number 2408115. This particular Vessel is the Policy for the Orion Vessel, Policy Number CSRYP/2408123 and is subject to a premier commercial yacht insuring

agreement with effective dates of December 2, 2024 to December 2, 2025 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A."**

14. Capital is named in the Policy as a loss payee. *See* Exh. A, p.3.

15. The Policy provided, *inter alia*, hull limits of $170,000, subject to a $3,400 deductible and further provided, in relevant part, as follows:

> **2. Insuring Agreement**
>
> This is a legally binding insurance contract between You and Us, incorporating in full the application form signed by You. We will provide the insurance coverage described in this Insuring Agreement, in return for payment to Us of the premium due and compliance by Covered Persons with the provisions, conditions and warranties of this Insuring Agreement. In the event of loss and damage to the Scheduled Vessel covered herein, cost of repairs to be paid without depreciation, new for old, except with regard to sails and covers of canvas or other like materials.
>
> \*   \*   \*
>
> **9. General Conditions & Warranties**
>
> ii. This Insuring Agreement incorporates in full Your application for insurance and together with any endorsements issued herein, constitutes the entire contract between You and Us. At Your request, various provisions of this Insuring Agreement may be varied by Us but only by Our prior written agreement.
>
> x. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that:

a. All fire extinguishing equipment is properly installed and is maintained in good working order.
b. All fire extinguishing equipment is tagged and certified annually or in accordance with the manufacturer's recommendations, whichever is more frequent.
c. The tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent.
d. The tanks are recharged as necessary.

For purposes of complying with this warranty, all installation, maintenance, certification, tagging, weighing, and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems. Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing.

xii. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision.

xix. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, it is hereby agreed that any such breach will void this Insuring Agreement from inception.

**11. Service Of Suit, Choice Of Law And Forum**

**It is hereby agreed that any dispute or claim arising hereunder (including non–contractual disputes or**

> **claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well-established, entrenched precedent exists, any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.**
>
> It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which You the Assured resides or the Federal District court within which your insurance agent resides.

*   *   *   *   *

*See* Exhibit A.

    16.    As part of the application for the Policy, Dreamlander submitted a Fleet Application Form signed December 2, 2024 and December 3, 2024. A copy of the Fleet Application Form is attached as **Exhibit B**.

    17.    In the Fleet Application Form, Dreamlander confirmed that they would comply with the Policy's Fire Extinguishing Equipment Warranty. See excerpt below:

**Fire Extinguishing Equipment**

**The following requirement is specified within every policy of insurance that we issue:**

If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that: all fire extinguishing equipment is properly installed and is maintained in good working order, all fire extinguishing equipment is tagged and certified annually or in accordance with the manufacturer's recommendations, whichever is more frequent, the tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent and that the tanks are recharged as necessary.

For purposes of complying with this warranty, all installation, maintenance, certification, tagging, weighing, and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems. Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing.

| Do you confirm that you will comply with the Fire Extinguishing Equipment Warranty stated above? | Yes: ☒ | No: ☐ |
|---|---|---|

*See* Exhibit B, p.2.

18. The Fleet Application warns that "Any misrepresentation in this application for insurance may render insurance coverage null and void from inception." *See* Exhibit B, p.10.

19. Insurers' post-loss investigation revealed that the Vessel's fixed fire extinguishing bottle had not been tagged or certified since 2023. See photographs of Dreamlander's Vessel's fire extinguishing bottle below:




20. Upon determining that Dreamlander breached one or more of the Policy's requirements, Insurers reserved its rights and filed this action seeking a declaratory judgment that the Policy is void from Inception.

## COUNT I – BREACH OF FIRE EXTINGUISHING EQUIPMENT WARRANTY

21. Paragraphs 1 through 20 are reincorporated by reference as if set forth fully herein.

22. The Policy warrants that "If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that: (a) all fire extinguishing equipment is properly installed and is maintained in good working order; (b) all fire extinguishing equipment is tagged and certified annually or in accordance with the manufacturer's recommendations, whichever is more frequent; (c) the tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent; and (d) the tanks are recharged as necessary." *See* General Condition 9. x., Exh. A, p. 17.

23. The Policy further warrants that "all installation, maintenance, certification, tagging, weighing, and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems.

Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing." *Id*.

24. Pursuant to General Condition xix., any breach of warranty operates to void the Policy from its inception. *See* Exh. A, pg. 18.

25. Under the law of New York, which governs the Policy in the absence of entrenched federal maritime law, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

26. Following the subject Incident, Insurers' investigation revealed that the fixed fire extinguishing bottle on the Vessel had not been tagged or re-certified within the previous year as warranted under the Policy.

27. As a result, the Policy's Fire Extinguishing Equipment Warranty was violated, and pursuant to General Condition xix., the Policy for the Orion Vessel, Policy Number CSRYP/2408123, is void from its inception. *See* Exh. A, pg. 18.

WHEREFORE, Insurers respectfully request this Honorable Court adjudge and declare that Dreamlander breached the Fire Extinguishing Equipment Warranty of the Policy, and that, as a result, the Policy for the Orion Vessel, Policy Number CSRYP/2408123, is void from its inception and does not provide coverage for the damages associated with the Incident.

Insurers further request such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT II – *UBERRIMAE FIDEI*

28. Insurers reassert and reallege the allegations of paragraphs 1-27 above as if fully set forth herein.

29. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*—the duty of utmost good faith.

30. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

31. This duty extends even to material facts that are not specifically inquired into by the insurer.

32. The Policy, as one of marine insurance—and pursuant to the terms of its choice-of law provision—is governed by the principle of *uberrimae fidei*.

33. Dreamlander's representation in the Fleet Application that they would comply with the Policy for the Orion Vessel, Policy Number CSRYP/2408123's Fire Extinguishing Equipment Warranty was false.

34. A prudent and intelligent underwriter would have considered the failure to have the fixed fire extinguisher bottle tagged and recertified within the previous year to be material.

35. Insurers would not have issued the Policy for the Orion Vessel, Policy Number CSRYP/2408123, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Insurers known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

36. Therefore, Dreamlander breached the duty of *uberrimae fidei*, rendering the Policy for the Orion Vessel, Policy Number CSRYP/2408123, void from its inception, and there is no coverage for any claims arising thereunder.

WHEREFORE, Insurers respectfully request judgment in their favor that Dreamlander violated the doctrine of *uberrimae fidei*, such that there is no coverage for the subject Incident and the Policy for the Orion Vessel, Policy Number CSRYP/2408123, is void from its inception. Insurers further request any further relief that the Court deems just and appropriate under the circumstances.

Dated: October 15, 2025.

    Respectfully submitted,

    **DAVANT LAW, P.A.**
    *Attorneys for Plaintiffs*
    100 Northeast Third Avenue
    Suite 440
    Fort Lauderdale, FL 33301
    Telephone: (954) 414-0400

By: */s/ Charles S. Davant*

Charles S. Davant (Lead Counsel)
Florida Bar No. 15178
csd@davantlaw.com
Jennifer S. Mulligan
Florida Bar No. 614564
jsm@davantlaw.com